Filed 3/25/13  P. v. Martinez CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C072178 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF11-0549) |
| v. | |
| LEONARD DUARTE MARTINEZ, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Leonard Duarte Martinez, Jr., has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

During the summer of 2010, defendant began molesting nine-year-old M., his biological granddaughter and adopted daughter.[1]  Between summer 2010 and November 28, 2010, defendant performed oral copulation on M. "a little more than five times," had her perform oral copulation on him "about four times," attempted vaginal intercourse with her "three times or so," and attempted anal intercourse with her "about three times." M. reported pain and bleeding from the sexual acts.  A criminalist analyzed samples that had been taken from M.'s vaginal area during a medical examination.  The samples contained DNA that matched a sample obtained from defendant.

Defendant pleaded guilty to continuous sexual abuse of a child under age 14 (Pen. Code, § 288.5, subd. (a))[2] and admitted an allegation that he caused bodily injury to the child victim (§ 1203.066, subd. (a)(2)).  In exchange, counts of sexual intercourse by an adult with a child age 10 years or younger (§ 288.7, subd. (a)), oral copulation by an adult with a child age 10 years or younger (§ 288.7, subd. (b)), and lewd acts with a child under age 14 (§ 288, subd. (a)) were dismissed.

Defendant was sentenced to state prison for the stipulated middle term of 12 years, awarded a stipulated 504 days of custody credit and 89 days of conduct credit, ordered to register as a sexual offender (Pen. Code, § 290), and ordered to pay a $2,400 restitution fine (*id.*, § 1202.4, subd. (b)), a $2,400 restitution fine suspended unless parole is revoked (*id.*, § 1202.45), a $40 court operations fee (*id.*, § 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).  Defendant's request for a certificate of probable cause was denied.

---

[1]  Because the matter was resolved by plea and defendant waived referral to the probation department, our statement of facts is taken from the transcript of the preliminary examination.

[2]  Undesignated statutory references are to the Penal Code in effect at the time of defendant's 2010 crimes.

## DISCUSSION

Defendant appeals.  We appointed counsel to represent defendant on appeal.
Counsel filed an opening brief that sets forth the facts of the case and requests this court
to review the record and determine whether there are any arguable issues on appeal.
(*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a
supplemental brief within 30 days of the date of filing of the opening brief.

### *Supplemental Brief*

Defendant filed a supplemental brief stating in relevant part:  "I don[']t know what
I can bring to the court[']s attention.  Only that I am innocent."  In the argument that
follows, defendant challenges the prosecution case, addresses his own conduct, raises the
possibility of contamination of prosecution DNA evidence, explains why his own DNA
would be found on the victim's panties, claims his trial counsel rendered ineffective
assistance by failing to address various items of favorable evidence, and argues he
entered his plea under "extreme pressure."

Defendant's arguments are not properly before us because he pleaded guilty and
the trial court denied his request for a certificate of probable cause.  (§ 1237.5.)
Contentions asserting defendant's innocence and claiming counsel's ineffectiveness
challenge the validity of the plea and cannot be raised without a certificate of probable
cause.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098-1099; *People v. Panizzon* (1996)
13 Cal.4th 68, 74-75.)

Defendant asks this court to "look into Penal Code [section] 1192.7[, subdivision]
(b) and something that has to do with [the] prosecutor must state on [the] record the
reason."  We address this contention as best we understand it.

Section 1192.7, subdivision (b) defines the term "plea bargaining," but it does not
impose any obligation upon the prosecutor.  The immediately preceding provision,
section 1192.7, subdivision (a)(3), *does* impose upon the prosecutor a duty to state on the

record why a sentence under certain statutory provisions, including section 288.7, was *not* sought. Any error with respect to the prosecutor's failure to make such a statement in this case does not prejudice defendant and does not entitle him to reversal of the judgment.

### *Errors Addressed*

Our review discloses some minor errors in the clerk's sentencing minutes of July 31, 2012, and on the abstract of judgment also prepared on that date.

First, although the trial court orally pronounced stayed and unstayed restitution fines in the amount of $2,400, the minutes and the abstract mistakenly reflect restitution fines in the amount of $2,800. We shall direct the trial court to correct its records accordingly.

Second, on the abstract of judgment, the box indicating that local conduct credits were calculated pursuant to section 2933.1 must be checked (item No. 14).

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed. The trial court is directed to correct the clerk's minutes and abstract of judgment as described above and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

                                                    BUTZ            , J.

We concur:

          HULL           , Acting P. J.


          HOCH          , J.

4